UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| MICHAEL JERMAINE DICKEY and | : | CASE NO. 21-51575 – SMS |
| CAJGIE MCGAHA DICKEY, | : | |
| | : | |
| DEBTORS. | : | |

**UNITED STATES TRUSTEE'S OBJECTION TO
DEBTORS' ELECTION TO PROCEED AS SUBCHAPTER V DEBTORS**

Nancy J. Gargula, United States Trustee for Region 21, by and through the undersigned counsel, and pursuant to 28 U.S.C. § 586, objects to the election of Michael Jermaine Dickey and Cajgie McGaha Dickey ("Debtors") to proceed as subchapter V debtors. In support of this objection, the United States Trustee shows the Court as follows:

**I.    COURSE OF PROCEEDINGS AND STATEMENT OF FACTS**

1. On February 25, 2021, Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code, Title 11 U.S.C. § 101 et seq. (the "Petition") (Doc No. 1).

2. In response to item 13 on the Petition, Debtors stated they are not small business debtors as defined by 11 U.S.C. § 101(51D), but they elect to proceed under subchapter V of Chapter 11 and are debtors as defined in 11 U.S.C. § 1182(1).

3. On March 11, 2021, Debtors filed their schedules of assets and liabilities and their statement of financial affairs (the "Schedules") (Doc. No. 21).

4. On March 22, 2021, the United States Trustee commenced and concluded the section 341(a) meeting of creditors (the "341 Meeting").

5. Prior to filing their bankruptcy case, Debtors operated two Uncle Maddio's Pizza restaurants, which were owned through the Debtors' limited liability companies, CMR Concepts, LLC and CMR Concepts, II, LLC (the "CMR Entities").

6. The CMR Entities ceased operating the restaurants in early 2020, and the CMR Entities each filed a bankruptcy petition seeking relief under chapter 7 on August 10, 2020, in the Northern District of Georgia (Case Nos. 20-68843-sms and 20-68844-sms).

7. Debtors assert the majority of the debts listed in their schedules arise out of their prior ownership and operation of the CMR Entities and the Uncle Maddio's restaurants.

8. At the 341 Meeting, Mrs. Dickey testified that she is currently a salaried employee of Cox Automotive. Mrs. Dickey further testified that she does not receive income from any source other than her employment at Cox Automotive.

9. At the 341 Meeting, Mr. Dickey testified that he is currently unemployed but is seeking employment within the restaurant industry.

10. Mr. Dickey further testified that he receives $1,140.00 per month in rental income from a property he owns in Kennesaw (the "Kennesaw Property") and which is occupied by his niece. His net monthly income from this property is approximately $90.00. *See* Amended Schedule I, Doc. No. 24).

11. The Kennesaw Property was purchased as an investment.

**II.    ARGUMENT**

12. Interim Rule of Bankruptcy Procedure 1020 requires debtors in voluntary chapter 11 cases to state in their petition whether the debtor is a small busines debtor and whether the debtor elects to have subchapter V of chapter 11 apply. Fed. R. Bankr. P. 1020(a).

13. Interim Rule 1020 further provides that the United States Trustee or a party in interest may file an objection to the debtor's election to have subchapter V apply no later than 30 days after the conclusion of the section 341(a) meeting of creditors, or within 30 days after any amendment to the election, whichever is later. Fed. R. Bankr. P. 1020(b).

14. The deadline for the United States Trustee to object to the Debtors' election to have subchapter V apply is April 21, 2021.

15. When enacted, section 1182(1) of the Small Business Reorganization Act of 2019 ("SBRA"), Pub. L. 116-54, § 5, 133 Stat. 1079, 1087 (effective Feb. 19, 2020), codified primarily at 11 U.S.C. §§ 1181-1195, stated, "[t]he term 'debtor' means a small business debtor."

16. A "small business debtor" is defined in 11 U.S.C. § 101(51D) as,

> a person engaged in commercial or business activities . . . that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition . . . [of] not more than $2,725,625 . . . not less than 50 percent of which arose from the commercial or business activities of the debtor.

17. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, 134 Stat. 281 (2020), became law and amended section 1182(1)(A) of the Bankruptcy Code to define the term "debtor" as

> (A) . . . a person engaged in commercial or business activities . . . that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition . . . in an amount not more than $7,500,000 . . . not less than 50 percent of which arose from the commercial or business activities of the debtor; . . . .

18. The language added to § 1182(1) by the CARES Act mirrors the definition of "small business debtor" under §101(51D), except that it increases the debt limit to $7,500,000.00.

19. The definition has two principal requirements – (1) the debtor must be a person "engaged in commercial or business activities" and (2) the debtor must meet the debt limit, of

which at least 50% must arise "from the commercial or business activities of the debtor." The first requirement is at issue in this case.

20. The term "engaged" is an active verb, and is used in the statute in its plain, ordinary connotation, meaning that a debtor must be actively engaged in commercial or business activities at the time of filing. *In re Thurmon*, No. 20-41400, 2020 WL 7249555, at *4 (Bankr. W.D. Mo. Dec. 8, 2020) (holding the plain meaning of "engaged in" means to be actively and currently involved); *see also In re Johnson*, No. 19-42063, 2021 WL 825156, at *6 (Bankr. N.D. Texas Mar. 1, 2021)(" a person 'engaged in' commercial or business activities is a person occupied with or busy in commercial or business activities - not a person who at some point in the past had such involvement"). *But see In re Wright*, No. 20-01035, 2020 WL 2193240, at *3 (Bankr. D.S.C. Apr. 27, 2020) ("Although the brief legislative history of the SBRA indicates it was intended to improve the ability of small businesses to reorganize and ultimately remain in business, nothing therein, or in the language of the definition of a small business debtor, limits application to debtors currently engaged in business or commercial activities.").

21. Debtors bear the burden of demonstrating that they are eligible to proceed under subchapter V of chapter 11. *In re Morgan Strawberry Farm*, 98 B.R. 584, 585 (Bankr. M.D. Fla. 1989) (holding that the party filing a petition bears the burden of proving eligibility).

22. Because Debtors ceased operation of their businesses prior to filing their chapter 11 bankruptcy case, they are not "engaged in commercial or business activities." As a result, Debtors are ineligible to proceed under subchapter V of Chapter 11.

WHEREFORE, the United States Trustee respectfully requests that this Court deny Debtors' election to proceed under subchapter V of chapter 11 of the Bankruptcy Code.

        NANCY J. GARGULA
        UNITED STATES TRUSTEE
        REGION 21

        /s/
        Lindsay P. S. Kolba
        Georgia Bar No. 541621
        United States Department of Justice
        Office of the United States Trustee
        362 Richard B. Russell Building
        75 Ted Turner Drive, SW
        Atlanta, Georgia 30303
        (202) 360-7746
        lindsay.p.kolba@usdoj.gov

## CERTIFICATE OF SERVICE

  This is to certify that I have on this day electronically filed the foregoing *Objection to Debtors' Election to Proceed as Subchapter V Debtors* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

| | |
|---|---|
| Lisa F. Caplan | lcaplan@rubinlublin.com, nbrown@rubinlublin.com, akhosla@rubinlublin.com, ruluecf@gmail.com, BKRL@ecf.courtdrive.com |
| Lynn L. Carroll | lcarroll@golderlawfirm.com, mcroxton@golderlawfirm.com |
| Elizabeth Ann Childers | echilders@rlklawfirm.com, swenger@rlklawfirm.com, csmith@rlklawfirm.com, yalamin@rlklawfirm.com |
| A. Michelle Hart Ippoliti | Michelle.ippoliti@mccalla.com, bankruptcyecfmail@mccalla.com, mccallaecf@ecf.courtdrive.com |
| Brian K. Jordan | ecfganb@aldridgepite.com, bjordan@ecf.inforuptcy.com |
| Benjamin Keck | bkeck@rlklawfirm.com, mwinokur@rlklawfirm.com, swenger@rlklawfirm.com, csmith@rlklawfirm.com, bwenger@rlklawfirm.com |
| Tamara M. Ogier | tmo@orratl.com, jc@orratl.com, tmo@trustesolutions.net, ctmo11@trustesolutions.net |
| William A. Rountree | wrountree@rlklawfirm.com, swenger@rlklawfirm.com, yalamin@rlklawfirm.com, 6717577420@filings.docketbird.com, R71213@notify.bestcase.com, csmith@rlklawfirm.com, ablanco@rlklawfirm.com, bwenger@rlklawfirm.com |
| Michael Charles Sullivan | msullivan@phrd.com |

  I further certify that on this day, I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following parties at the address shown for each.

| | |
|---|---|
| Michael Jermaine Dickey<br>415 Gartrell St, #20<br>Atlanta, GA 30312 | Cajgie McGaha Dickey<br>415 Gartrell St, #20<br>Atlanta, GA 30312 |

                          */s/*
                          Lindsay P. S. Kolba
                          Georgia Bar No. 541621
                          United States Department of Justice
                          Office of the United States Trustee
                          362 Richard B. Russell Building
                          75 Ted Turner Drive, SW
                          Atlanta, Georgia 30303
                          (404) 331-4437, ext. 152
                          lindsay.p.kolba@usdoj.gov